Opinion issued May21, 2009







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00788-CV
____________

MARY ANN DeMARS AND ROBERT DeMARS, Appellants

V.

THOMAS A. LAUCIUS, ALTHEA M. BAILEY, DIANA HSIUNG A/K/A
DIANA “CHUANG-LING” HSIUNG, EDDIE KRENEK, HSIUNG AND
ASSOCIATES, AND LAW OFFICE OF EDDIE KRENEK, CHOU, ASSIST-2-SELL, INC., Appellees




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2006-80281




MEMORANDUM OPINION
          Appellants, Mary Ann DeMars and Robert DeMars, sued appellees asserting
multiple causes of action, including fraud, deceptive trade practices, legal
malpractice, breach of contract, and usury. We dismiss the appeal for want of
jurisdiction.
Factual Background 
          On April 27, 2007, the trial court dismissed appellants’ case for want of
prosecution. The trial court’s docket sheet reflects that on May 11, 2007, the trial
court held a hearing on the record, considered evidence on appellee’s, Laucius’s,
motion to declare appellants vexatious litigants and orally granted it. On May 29,
2007, appellants filed a motion for new trial. On September 12, 2007, appellants filed
their notice of appeal, stating that they were appealing from “the Final Judgment
entered on the 27th day of April, 2007.”
          On July 7, 2008, the district clerk filed the clerk’s record with this Court. The
Clerk of this Court notified appellants that it appeared that this Court did not have
jurisdiction of the appeal. The Clerk noted that the judgment of which appellants
complained was signed April 27, 2007, that appellants had filed a motion for new
trial, extending the deadline to file the notice of appeal to July 26, 2007. See Tex. R.
App. P. 26.1(a)(1). The Clerk further noted that appellants’ notice of appeal was filed
September 12, 2009, well past the July 26, 2007 deadline. The Clerk advised
appellants that their appeal was subject to dismissal for want of jurisdiction unless by
July 21, 2008, they filed a written response, providing a meritorious explanation
showing that they timely filed their notice of appeal.
          In their July 22, 2008 response, appellants stated that the district court clerk
had told them that the trial court was planning to modify its final judgment to reflect
its May 11, 2007 order declaring them vexatious litigants. Appellants further state
that a reporter’s record of the hearing reflects that the trial court was going to revise
the final judgment. Appellants assert that by the beginning of September they had not
received the revised judgment and learned that the trial court was not going to sign
Laucius’s order declaring them vexatious litigants. In their response, appellants
requested additional time, until after the reporter’s record was filed to be able to refer
to it in making a complete response to the Clerk’s notice regarding this Court’s
apparent lack of jurisdiction.
          A Justice of this Court granted the motion, in part, extending appellants’
response time to August 5, 2008 and ordering that any further response by appellants
must be filed with this Court by August 5, 2008. On August 6, 2008, appellants filed
a letter with this Court referring to an affidavit of indigence they had filed with this
Court and stated that they had assumed that this Court would order the court reporter
to produce a reporter’s record. Appellants stated that they were filing a motion to
compel the court reporter to provide the reporter’s record. Appellants made no
further response to the Clerk’s notice regarding jurisdiction. No reporter’s record has
been filed.
Analysis
          If any party timely files a motion for new trial, the time for filing a notice of
appeal is extended from 30 days to 90 days. Tex. R. App. P. 26.1(a)(1). Here the trial
court signed the judgment appealed from on April 27, 200, making the deadline to file
the notice of appeal July 26, 2007. Appellants did not file their notice of appeal until
September 12, 2007, 48 days after the deadline to file it. In their response concerning
jurisdiction, appellants do not explicitly say so, but they insinuate that the reason they
did not timely file their notice of appeal is because they expected the trial court to
modify its April 27, 2007 dismissal order to reflect a granting of Lauscius’s motion
to declare appellants to be vexatious litigants. Appellants have cited no legal
authority that an expectation that a trial court would modify its judgment extends the
time to file a notice of appeal. They have not otherwise shown that they timely filed
their appeal.
Conclusion
          We dismiss appellants’ appeal for want of jurisdiction. See Tex. R. App. P.
26.1(a)(1).
 
PER CURIAM
Panel consists of Justices Keyes, Hanks, and Bland.